J. M. CARRITT, Administrator, Appellant, v. ED PENNY, Appellee.

**ATTACHMENT:** Action on Bond—Failure of Proof. A verdict for damages for the wrongful suing out of an attachment necessarily cannot stand, in the absence of proof of the elements showing that the attachment was wrongful.

*Appeal from Monona District Court.*—C. C. HAMILTON, Judge.

DECEMBER 14, 1923.

REHEARING DENIED MAY 10, 1924.

ACTION at law by plaintiff, as administrator of the estate of Thomas R. Carritt, deceased, to recover $1,096.65, the contract price of hay sold to the defendant, who, in answer to the petition, admits owing the amount, as pleaded, but counterclaims against the plaintiff, as administrator, for actual and exemplary damages, by reason, as alleged, of the wrongful and malicious attachment of certain property belonging to the defendant. Verdict of the jury finding for the defendant in actual and exemplary damages, and assessing the amount of the recovery at $798.41. From the judgment entered on the verdict, plaintiff appeals.—*Reversed.*

*C. E. Cooper* and *George E. Allen,* for appellant.

*Prichard & Prichard,* for appellee.

DE GRAFF, J.—Plaintiff-appellant, as administrator, instituted action for the recovery of $1,096.65 against the defendant, predicated on a contract between the parties hereto for the sale of a quantity of hay belonging to the estate of Thomas R. Carritt, deceased. The action was aided by attachment. Defendant, answering, admits the contract, and that he is owing plaintiff the full amount of the claim, as pleaded, "if it were not for the matters set out in the defendant's counterclaim."

Defendant alleges in his counterclaim that, by reason of the facts set forth in plaintiff's petition, and the filing of a bond, a writ of attachment issued, and that the sheriff, by virtue of said writ, took possession of and levied upon certain described personal property of the defendant. It is then alleged that, by reason of the seizure of the defendant's property, he was damaged: (1) By being compelled to surrender a farm lease; (2) by being thrown out of employment; (3) by suffering damage in the value of the use of farming implements; (4) in the loss of time and money in preparing for trial and defending the action; (5) in the loss of certain hay in storage; (6) in the use and benefit of certain moneys that were under garnishment. It is further alleged that the allegations upon which the attachment was predicated were false and untrue, and that the plaintiff had no probable cause for suing out the writ and causing the seizure of defendant's property; and that, by reason of the wrongful suing out of said attachment, the defendant has been damaged "in the sum of $4,000, as actual and exemplary damages."

To this counterclaim the plaintiff filed a demurrer, on the ground that the facts stated therein do not entitle the defendant to the relief demanded, or to maintain the cause of action set forth, and it is further alleged that the plaintiff is administrator of the estate of Thomas Carritt, deceased; that the demand is against the plaintiff, as administrator, in his representative capacity; that, as a matter of law, the claim of the defendant as to the actual or exemplary damages, which are in tort, cannot be sustained or maintained against the plaintiff in his representative capacity.

The demurrer was overruled, and thereupon plaintiff filed his reply, embodying therein, *inter alia,* the substance of the

matter contained in the demurrer. At the close of the defendant's testimony on the counterclaim, the plaintiff reiterated his position, in a motion for directed verdict, which was overruled. This motion was renewed at the close of all the testimony, and was restated as a ground for a new trial, after verdict. The proposition so urgently stressed by appellant, to wit, that the administrator can create no liability against the estate for any tortious or wrongful act committed by him, is not controlling, under the record before us, and the application of this principle is not necessary for the determination of this appeal. We therefore do not determine whether the estate, under the instant facts, may be condemned for the wrongful act of an administrator, or whether he must respond in damages as an individual.

The damages sought to be recovered are based on the alleged levy on exempt property; and even though it is conceded that the sheriff bungled somewhat in his attempt to make the levy, no principle of law or justice should cause the estate to be mulcted in exemplary damages. The liability of an attaching creditor is limited to such damages as result from the particular act or acts which he directed or authorized. In the instant case, the evidence fairly tends to show that the sheriff, upon his own initiative, levied upon the exempt personal property of the defendant, with one or two minor exceptions. Furthermore, it is fairly shown that the levy upon the exempt property was at the invitation or consent of the defendant, and he was instructed by the sheriff that he could use the property, feed the hay, and take the horses from the premises. Some of the property the sheriff never saw. The hay was fed by the defendant, and the horses were sold by the sheriff with the consent of defendant, and the proceeds deposited in the bank. The evidence also fairly shows that, on May 3, 1920, five days after the alleged levy, the sheriff was directed by the plaintiff to return the exempt property, and notified the defendant of the release thereof.

The gist of this counterclaim is the wrongful act of the plaintiff in suing out the attachment. We do not question the statutory right of an administrator of an estate to aid his suit by attachment, nor do we negative the right of a defendant to sue on an attachment bond by way of counterclaim. Code Section 3888. The judgment entered was against the plaintiff as admin-

istrator, and this included exemplary damages in a large amount, which the estate must pay. The verdict and judgment is apparently based on a counterclaim on the attachment bond, but in fact on the tort of the plaintiff, and predicated on the alleged wrongful levy on exempt property. The damages, if any, were not legally related to, but only incidentally connected with, the office of plaintiff as administrator. Defendant alleged in his counterclaim that "all of the allegations made by plaintiff at the time of the suing out of the writ of attachment were wholly false and untrue, and that the plaintiff had no probable cause for suing out said writ." The evidence falls far short in support of this broad challenge. Practically no evidence was introduced to prove the falsity of the grounds alleged for the attachment, or that the writ was sued out without probable cause. The want of probable cause is measured by the state of plaintiff's knowledge; not by his intent. It means the absence of probable cause known to the plaintiff when he sued out the attachment. Holmes on The Common Law 140.

Plaintiff's motion for a directed verdict in his favor as administrator should have been sustained. Plaintiff's motion for a new trial should have been granted, on the ground that the evidence is insufficient to sustain the verdict. Wherefore the judgment entered is reversed.—*Reversed.*

All the justices concur.